# REGISTER OF ACTIONS
## CASE NO. C-0832-15-B

| | | | |
|---|---|---|---|
| Sheila Lozano and Sergio Solis VS. ASI Lloyds, VeriClaim, Inc. and Aldo Hanze, Jr. | §<br>§<br>§<br>§<br>§ | Case Type: | **Contract - Consumer/Commercial/Debt (OCA)** |
| | | Subtype: | **Hail Storm 2012 - 370th** |
| | | Date Filed: | **02/26/2015** |
| | | Location: | **93rd District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **ASI Lloyds** | **JAY SCOTT SIMON**<br>*Retained*<br>713-403-8210(W) |
| Defendant | **Hanze, Jr., Aldo** | **JAY SCOTT SIMON**<br>*Retained*<br>713-403-8210(W) |
| Defendant | **VeriClaim, Inc.** | **JAY SCOTT SIMON**<br>*Retained*<br>713-403-8210(W) |
| Plaintiff | **Lozano, Sheila** | **RENE M. SIGMAN**<br>*Retained*<br>713-861-6616(W) |
| Plaintiff | **Solis, Sergio** | **RENE M. SIGMAN**<br>*Retained*<br>713-861-6616(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 02/26/2015 | **Original Petition (OCA)**<br>*Plaintiffs' Original Petition* | | |
| 03/16/2015 | **Citation**<br>*sent via efile* | | |
| | ASI Lloyds | Served | 03/23/2015 |
| | | Returned | 03/30/2015 |
| | VeriClaim, Inc. | Served | 03/23/2015 |
| | | Returned | 03/31/2015 |
| | Hanze, Jr., Aldo | Unserved | |
| 03/16/2015 | **Service Issued** | | |
| 03/30/2015 | **Service Returned**<br>*ASI LLOYDS* | | |
| 03/31/2015 | **Service Returned**<br>*VERICLAIM INC SERVED ON 3-23-15* | | |
| 04/06/2015 | **Answer**<br>*DEFENDANTS ASI LLOYDS, VERICLAIM, INC.,AND ALDO HANZE, JR.'S ORIGINAL ANSWER* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant ASI Lloyds**<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 04/22/2015** | | | 2.00<br>2.00<br>**0.00** |
| 04/06/2015 | Transaction Assessment | | | 2.00 |
| 04/06/2015 | EFile Payments from TexFile | Receipt # DC-2015-25606 | ASI Lloyds | (2.00) |
| | **Plaintiff Lozano, Sheila**<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 04/22/2015** | | | 322.00<br>322.00<br>**0.00** |
| 02/26/2015 | Transaction Assessment | | | 318.00 |

# EXHIBIT B

| 02/26/2015 | EFile Payments from TexFile | Receipt # DC-2015-15099 | Lozano, Sheila | (318.00) |
| 03/30/2015 | Transaction Assessment | | | 2.00 |
| 03/30/2015 | EFile Payments from TexFile | Receipt # DC-2015-23929 | Lozano, Sheila | (2.00) |
| 04/02/2015 | Transaction Assessment | | | 2.00 |
| 04/02/2015 | EFile Payments from TexFile | Receipt # DC-2015-25030 | Lozano, Sheila | (2.00) |

**EXHIBIT B**

**C-0832-15-B**
**93RD DISTRICT COURT, HIDALGO COUNTY, TEXAS** COPY

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**ASI Lloyds**
**c/o Attorney for Service Rodney D Bucker**
**700 North Pearl Street 25th Floor**
**Dallas, TX 75201-2825**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rodolfo "Rudy" Delgado, 93rd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 26th day of February, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-0832-15-B, **SHEILA LOZANO AND SERGIO SOLIS  VS.  ASI LLOYDS, VERICLAIM, INC. AND ALDO HANZE, JR.**

Said Petition was filed in said court by RENE M. SIGMAN; RENE M. SIGMAN, 3810 W ALABAMA ST  HOUSTON TX 77027.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 16th day of March, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

*[signature]*

**OMAR ESCAMILLA, DEPUTY CLERK**

RECEIVED

MAR 23 2015

TCCI

## EXHIBIT B

C-0832-15-B
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
         miles ....................$_____


_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**


**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-0832-15-B**

| | | |
|---|---|---|
| **SHEILA LOZANO AND SERGIO** | § | **IN THE DISTRICT COURT OF** |
| **SOLIS,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **ASI LLOYDS, VERICLAIM, INC.,** | § | |
| **AND ALDO HANZE, JR.,** | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

---

### PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Sheila Lozano and Sergio Solis ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of ASI Lloyds ("ASI"), VeriClaim, Inc. ("VeriClaim"), and Aldo Hanze, Jr. ("Hanze") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiffs Sheila Lozano and Sergio Solis are individuals residing in Hidalgo County, Texas.

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

3.  Defendant ASI is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service, Rodney D. Bucker, 700 North Pearl Street, 25th Floor, Dallas, Texas 75201-2825.

4.  Defendant VeriClaim is a domestic adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent, The Prentice-Hall Corporation Systems, 211 East 7th Street, Suite 620, Austin, Texas 78701.

5.  Defendant Aldo Hanze, Jr. is an individual residing in and domiciled in the State of Florida. This defendant may be served with personal process by a process server at his place of residence at 8317 Narcoossee Road, Apt. 4108, Orlando, Florida 32827.

## JURISDICTION

6.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

7.  The Court has jurisdiction over Defendant ASI because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

8.  The Court has jurisdiction over Defendant VeriClaim because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

Page 2

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

9.    The Court has jurisdiction over Defendant Hanze because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

10.   Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11.   Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by ASI.

12.   Plaintiffs own the insured property, which is specifically located at 110 South Jay Avenue, Mission, Texas 78572, in Hidalgo County (hereinafter referred to as "the Property").

13.   ASI sold the Policy insuring the Property to Plaintiffs.

14.   On or about May 9, 2014 a severe windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' property.  Specifically, Plaintiffs' roof sustained extensive damage during the storm. Severe wind damage caused significant harm throughout the entire property including, but not limited to, the Property's ceilings, walls, insulation, and flooring.  Plaintiffs' property also sustained significant structural and exterior damage during the storm including, but not limited to, the exterior brick, window(s), exterior door(s), air conditioning unit, and fence.  Furthermore, Plaintiffs also suffered food loss due to loss of electricity as a result of the windstorm.  After the storm, Plaintiffs filed a claim with their insurance company, ASI, for the damages to their property caused by the windstorm.

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

15.     Plaintiffs submitted a claim to ASI against the Policy for Other Structure Damage, Roof
Damage, Structural Damage, and Wind Damage the Property sustained as a result of the
windstorm.

16.     Plaintiffs asked that ASI cover the cost of repairs to the Property, including, but not
limited to, repair and/or replacement of the roof and repair of the exterior brick,
window(s), exterior door(s), air conditioning unit, fence, and interior water damages to
the Property, pursuant to the Policy.

17.     Defendant ASI assigned Defendant VeriClaim to adjust the claim. Defendant VeriClaim
and/or Defendant ASI then assigned Defendant Hanze as the individual adjuster on the
claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to
perform a thorough investigation of Plaintiffs' claim. Defendant Hanze conducted a
substandard investigation of Plaintiffs' claim. The inadequacy of Defendant Hanze's
investigation is evidenced by his letter to Plaintiffs dated November 10, 2014, which
asserts vague and ambiguous reasons for the denial of the claim and for the items that
were damaged, and thus no payment would be made on their claim. For example,
Defendant Hanze stated in his letter that "we did find non storm related damage to the
window (bb gunshot) therefore the (sic) we are closing our file there (sic) with no
damage to your property." Defendant Hanze was neither qualified nor authorized to
make coverage determinations. Although Defendant Hanze was aware of Plaintiffs'
reported potential damages covered by the Policy, he made determinations as to the
amount of Plaintiffs' claim without conducting thorough and reasonable investigation
and/or inspection of Plaintiffs' damages. Ultimately, Defendant Hanze determined that
the damages were not covered under the Policy, thus no payment would be made on the
claim. Defendant Hanze's inadequate investigation was relied upon by the other

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0832-15-B

Defendants in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

18.     Defendant ASI, along with ASI personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Defendant Hanze, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim.  Further, Defendants misrepresented that Plaintiffs' damages were not covered under the Policy, when the losses, in fact, were properly covered damages.  Defendant ASI denied Plaintiffs' claim without performing a reasonable investigation.  As a result of these Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and has suffered damages.

19.     Together, Defendants ASI, VeriClaim, and Hanze set about to deny and/or underpay on properly covered damages.  As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their property, Plaintiffs' claim was improperly adjusted.  The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their property, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

20.     As detailed in the paragraphs below, ASI wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, ASI underpaid some of Plaintiffs' claims by not

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0832-15-B

providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

21.    To date, ASI continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their property.

22.    Defendant ASI failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. ASI's conduct constitutes a breach of the insurance contract between ASI and Plaintiffs.

23.    Defendants ASI, VeriClaim, and Hanze misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants ASI's, VeriClaim's, and Hanze's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

24.    Defendants ASI, VeriClaim, and Hanze failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants ASI's, VeriClaim's, and Hanze's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

25.    Defendants ASI, VeriClaim, and Hanze failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants ASI, VeriClaim, and Hanze failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants ASI, VeriClaim, and Hanze did

Page 6

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0832-15-B

not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants ASI's, VeriClaim's, and Hanze's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

26. Defendants ASI, VeriClaim, and Hanze failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants ASI, VeriClaim, and Hanze. Defendants ASI's, VeriClaim's, and Hanze's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

27. Defendants ASI, VeriClaim, and Hanze refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants ASI, VeriClaim, and Hanze failed to conduct a reasonable investigation. Specifically, Defendants ASI, VeriClaim, and Hanze performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants ASI's, VeriClaim's, and Hanze's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

28. Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Page 7

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

29.    Defendant ASI failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

30.    Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date; Plaintiffs have not received full payment for their claim.  ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

31.    From and after the time Plaintiffs' claim was presented to Defendant ASI, the liability of ASI to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, ASI has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32.    Defendants ASI, VeriClaim, and Hanze knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

33.    As a result of Defendants ASI's, VeriClaim's, and Hanze's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

34.    Plaintiffs' experience is not an isolated case.  The acts and omissions ASI committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of ASI with regard to handling these types of claims.  ASI's

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST DEFENDANT HANZE
#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

35.     Defendants ASI and/or VeriClaim assigned Defendant Hanze to adjust the claim. Defendant Hanze was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.   During his investigation, the adjuster failed to properly assess Plaintiffs' windstorm damages.   The adjuster also omitted covered damages from his report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

36.      Defendant Hanze's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

37.     Defendant Hanze is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of ASI, because he is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor."   TEX. INS. CODE §541.002(2) (emphasis added; *See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)) (holding an insurance company

Page 9

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

38.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Hanze's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

39.   Defendant Hanze's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

40.   Defendant Hanze failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.   Specifically, Defendant Hanze failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he

Page 10

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0832-15-B

provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair

settlement practice of Defendant Hanze as described above, of failing to promptly

provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to

the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim,

constitutes an unfair method of competition and an unfair and deceptive act or practice in

the business of insurance. TEX. INS. CODE §541.060(a)(3).

41.    Defendant Hanze's unfair settlement practice, as described above, of failing within a

reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a

reservation of rights to Plaintiffs, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE

§541.060(a)(4).

42.    Defendant Hanze did not properly inspect the Property and failed to account for and/or

undervalued many of Plaintiffs' exterior and interior damages, although reported by

Plaintiffs to ASI. Defendant Hanze's unfair settlement practice, as described above, of

refusing to pay Plaintiffs' claim without conducting a reasonable investigation,

constitutes an unfair method of competition and an unfair and deceptive act or practice in

the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST DEFENDANT VERICLAIM

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

43.    Defendant VeriClaim's conduct constitutes multiple violations of the Texas Insurance

Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under

this article are made actionable by TEX. INS. CODE §541.151.

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

44. Defendant VeriClaim's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

45. Defendant VeriClaim's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

46. Defendant VeriClaim's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a)(3).

47. Defendant VeriClaim's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

48. Defendant VeriClaim's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

Page 12

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

49.     Plaintiffs are not making any claims for relief under federal law.

### FRAUD

50.     Defendants ASI, VeriClaim, and Hanze are liable to Plaintiffs for common law fraud.

51.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants ASI, VeriClaim, and Hanze knew were false or made recklessly without any knowledge of their truth as a positive assertion.

52.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

53.     Defendants ASI, VeriClaim, and Hanze are liable to Plaintiffs for conspiracy to commit fraud. Defendants ASI, VeriClaim, and Hanze were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants ASI, VeriClaim, and Hanze committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST ASI ONLY

54.     Defendant ASI is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

Page 13

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

### BREACH OF CONTRACT

55.     Defendant ASI's conduct constitutes a breach of the insurance contract made between ASI and Plaintiffs.

56.     Defendant ASI's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of ASI's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

57.     Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

58.     Defendant ASI's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

59.     Defendant ASI's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though ASI's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

60.     Defendant ASI's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim,

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0832-15-B

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

61.     Defendant ASI's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

62.     Defendant ASI's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

63.     Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

64.     Defendant ASI's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

65.     Defendant ASI's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

66. Defendant ASI's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

67. As referenced and described above, and further conduct throughout this litigation and lawsuit, VeriClaim and Hanze are agents of ASI based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

68. Separately, and/or in the alternative, as referenced and described above, ASI ratified the actions and conduct of VeriClaim and Hanze, including the completion of their duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

69. Defendant ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

70. Defendant ASI's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, ASI knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

71. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

Page 16

## EXHIBIT B

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## C-0832-15-B

## DAMAGES

72.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

73.    As previously mentioned, the damages caused by the May 9, 2014 windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants ASI's, VeriClaim's, and Hanze's mishandling of Plaintiffs' claim in violation of the laws set forth above.

74.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

75.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

76.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

77.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

**EXHIBIT B**

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

78. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

79. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

80. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas.   Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURES

81. *Plaintiffs' Request for Disclosures to Defendant ASI Lloyds* is attached as "Exhibit A." *Plaintiffs' Request for Disclosures to Defendant VeriClaim, Inc.* is attached as "Exhibit A-1."   *Plaintiffs' Request for Disclosures to Defendant Aldo Hanze, Jr.* is attached as "Exhibit A-2."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.   In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all

Page 18

## EXHIBIT B

Electronically Filed
2/26/2015 8:41:57 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0832-15-B**

costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed

by law, and for any other and further relief, either at law or in equity, to which they may show

themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

_/s/ René M. Sigman_

René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

Page 19

**EXHIBIT B**

"EXHIBIT A"

CAUSE NO. C-0832-15-B

| | | |
|---|---|---|
| SHEILA LOZANO AND SERGIO SOLIS, **Plaintiffs,** | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HIDALGO COUNTY, TEXAS |
| ASI LLOYDS, VERICLAIM, INC., AND ALDO HANZE, JR., **Defendants.** | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT ASI LLOYDS

TO:     DEFENDANT ASI LLOYDS, by and through its Attorney for Service, Rodney D. Bucker, 700 North Pearl Street, 25th Floor, Dallas, Texas 75201-2825.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, ASI Lloyds (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

 /s/ René M. Sigman
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

Page 1

# EXHIBIT B

## "EXHIBIT A-1"

### CAUSE NO. C-0832-15-B _____

| | | |
|---|---|---|
| SHEILA LOZANO AND SERGIO SOLIS, | § | IN THE DISTRICT COURT OF |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ASI LLOYDS, VERICLAIM, INC., | § | |
| AND ALDO HANZE, JR., | § | |
|     **Defendants.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT VERICLAIM, INC.

TO:    DEFENDANT VERICLAIM, INC., by and through its Registered Agent, The Prentice-Hall Corporation Systems, 211 East 7th Street, Suite 620, Austin, Texas 78701.

        Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, VeriClaim, Inc. (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

                Respectfully submitted,

                **MOSTYN LAW**

                */s/ René M. Sigman* _____
                René M. Sigman
                State Bar No. 24037492
                rmsdocketefile@mostynlaw.com
                3810 W. Alabama Street
                Houston, Texas 77027
                (713) 714-0000 (Office)
                (713) 714-1111 (Facsimile)

                **ATTORNEY FOR PLAINTIFFS**

**EXHIBIT B**

**"EXHIBIT A-2"**

**CAUSE NO.** C-0832-15-B

| | | |
|---|---|---|
| **SHEILA LOZANO AND SERGIO**<br>**SOLIS,**<br>    **Plaintiffs,** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **v.** | §<br>§ | **HIDALGO COUNTY, TEXAS** |
| **ASI LLOYDS, VERICLAIM, INC.,**<br>**AND ALDO HANZE, JR.,**<br>    **Defendants.** | §<br>§<br>§ | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT**
**ALDO HANZE, JR.**

TO:    DEFENDANT ALDO HANZE, JR., 8317 Narcoossee Road, Apt. 4108, Orlando, Florida
32827.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the
above-named Defendant, Aldo Hanze, Jr. (hereinafter referred to as "Defendant"), disclose,
within fifty-one (51) days after the date of service of this request, the information or material
described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

 /s/ René M. Sigman
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

Page 1

# EXHIBIT B

Electronically Filed
4/3/2015 3:58:36 PM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

**CAUSE NO. C-0832-15-B**

| | | |
|---|---|---|
| SHEILA LOZANO AND SERGIO SOLIS, | § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ASI LLOYDS, VERICLAIM, INC., AND | § | |
| ALDO HANZE, JR., | § | |
| *Defendants.* | § | 93RD JUDICIAL DISTRICT |

## DEFENDANTS ASI LLOYDS, VERICLAIM, INC. AND ALDO HANZE, JR.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants ASI LLOYDS, VERICLAIM, INC. and ALDO HANZE, JR. and file this, their Original Answer, and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### APPRAISAL

Pleading further, nothing contained in this Answer should be construed as a waiver to Defendant ASI Lloyds' contractual right to appraisal. When Defendant ASI Lloyds is better able to determine Plaintiffs' contentions with respect to contractual damages, Defendant ASI Lloyds may request that this case be abated and that any differences in damages be determined through the contractual right to appraisal contained in the policy of insurance at issue.

2184000
04098.001

## EXHIBIT B

Electronically Filed
4/3/2015 3:58:36 PM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

## III.
## <u>DEMAND FOR JURY TRIAL</u>

Defendants herein make demand for a jury trial in this case, and will tender the applicable

fees thereon.

## IV.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final trial and

hearing hereof, Plaintiffs recover nothing from Defendants, and Defendants go hence without

delay and recover costs of court and other such further relief, both general and special, to which

Defendants may be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

*/s/ Jay Scott Simon*
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
Lauren E. Figaro
State Bar No. 24087510
lfigaro@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANTS**

2184000
04098.001

## EXHIBIT B

Electronically Filed
4/3/2015 3:58:36 PM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of April, 2015, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Rene M. Sigman
MOSTYN LAW FIRM
3810 W. Alabama Street
Houston, Texas 77027

_/s/ Jay Scott Simon_
Jay Scott Simon

2184000
04098.001

**EXHIBIT B**